UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GEORGE MONTANEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF HIGHLAND, HIGHLAND POLICE DEPARMTMENT, CHIEF PETER HOJNIKCI, and UNKNOWN POLICE OFFICER, <br><br> Defendants. | CAUSE NO.: 2:19-CV-208-TLS |

## OPINION AND ORDER

This matter is before the Court on Defendants, Town of Highland, Highland Police Department, CPL. Michael Yonkman, and Chief Peter Hojnicki's Partial Motion to Dismiss [ECF No. 34]. The Plaintiff did not file a response, and the time to do so has passed. For the reasons set forth below, the Court GRANTS in part and DENIES in part the motion and REMANDS the case to state court.

## BACKGROUND

Plaintiff George Montanez, Jr. filed a Complaint [ECF No. 6] in the Lake County, Indiana, Superior Court, on May 8, 2019, against Defendants the Town of Highland, the Highland Police Department, and an Unknown Police Officer for the alleged excessive forced used by the officer in violation of the United States Constitution, the Indiana Constitution, and Indiana state law when the Plaintiff was arrested, transported, and booked on May 8 and 9, 2017. On May 15, 2019, the Plaintiff filed a First Amended Complaint [ECF No. 8], adding Chief Hojnicki to the caption and correcting a factual allegation. The Defendants filed a timely Notice of Removal [ECF No. 1] on May 31, 2019. The Plaintiff filed a Second Amended Complaint

[ECF No. 26], on November 4, 2019, to identify the "Unknown Police Officer" as Corporal Michael Yonkman. Although Corporal Michael Yonkman's name is substituted in place of the "Unknown Police Officer" throughout the Second Amended Complaint, the Plaintiff did not update the caption. The Plaintiff makes the following factual allegations.

Corporal Yonkman is a police officer with and employee of the Highland Police Department, and Chief Hojnicki is Police Chief of the Highland Police Department. Second Am. Compl. ¶¶ 5, 6, 32, ECF No. 26. At all relevant times, Corporal Yonkman was acting "under the color of the statutes, ordinances, regulations, customs, and usages of the Highland Police Department." *Id.* ¶ 9; *see also* ¶ 23. In the late evening to early morning of May 8 and 9, 2017, Officer Danny Ponce, who is not a party to this litigation, and Corporal Yonkman came to the residence of the Plaintiff's former significant other and minor daughter. *Id.* ¶ 12. Officer Ponce asked if the Plaintiff could leave, but the Plaintiff responded that he was unable to do so due to a physical handicap and that he was too intoxicated to drive. *Id.* ¶ 13. In response, Corporal Yonkman used unreasonable and excessive force by removing the Plaintiff from a bench, dragging him out of the home, and throwing him upon the ground in a brutal fashion despite having actual knowledge that the Plaintiff was physically handicapped. *Id.* ¶ 14. With the sole intention of causing the Plaintiff pain, Corporal Yonkman used unreasonable and excessive force by applying and over-tightening handcuffs, resulting in a wrist injury to the Plaintiff. *Id.* ¶¶ 15, 16. When the Plaintiff requested that the handcuffs be removed or loosened due to pain, Corporal Yonkman told the Plaintiff to "shut the f*** up." *Id.* ¶ 17. All of this occurred while arresting, transporting, and booking the Plaintiff. *Id.* ¶ 18. The Plaintiff did not resist, attempt to resist, attack, or attempt to attack any officer in the Highland Police Department. *Id.* ¶ 19. After the injury, the Plaintiff was denied prompt and reasonable medical care and treatment. *Id.* ¶ 21. The

2

Plaintiff alleges that he suffered injuries as a result of the alleged excessive force, including injury to his wrist, cervical spine, and lumbar spine. *Id.* ¶ 24.

Count I, brought under 42 U.S.C. § 1983 against all the Defendants, alleges that Corporal Yonkman used excessive force and that the Plaintiff's arrest, transport, and booking was done in a violent and abusive manner with the intent of humiliating and embarrassing the Plaintiff and resulting in the physical injuries. *Id.* ¶¶ 24–28. The Plaintiff also alleges that the Highland Police Department systematically failed to train its officers in the proper use of force. *Id.* ¶ 30. The Plaintiff alleges that he was deprived of the following federal constitutional and state law rights in violation of § 1983: (1) Fourth Amendment right to be free from unreasonable search and seizure; (2) Sixth Amendment right to be informed of the nature and cause of the accusations against him; (3) Fifth and Fourteenth Amendment rights not to be deprived of life, liberty, or property without due process of law and right to equal protection of the laws; (4) Eighth Amendment right to be free from cruel and unusual punishment; (5) right to not be treated with unnecessary rigor under Article I Section 15 of the Indiana Constitution; (6) right to be free from cruel and unusual punishment under Article I Section 16 of the Indiana Constitution; and (7) related provisions of Indiana state law. *Id.* ¶¶ 33(A)–(G).

The Plaintiff then brings two state law claims. Count II alleges that Corporal Yonkman used excessive force in violation of Indiana state law when he wrongfully, unlawfully, wantonly, and maliciously assaulted and battered the Plaintiff while booking him. *Id.* ¶¶ 37, 41. Count III alleges a state law claim for reckless disregard of the Plaintiff's medical needs against all the Defendants. *Id.* p. 8. The Plaintiff alleges that the lawsuit is brought against the Town of Highland on theories of negligence and vicarious responsibility. *Id.* ¶ 11.

On December 16, 2019, the Defendants filed the instant Partial Motion to Dismiss [ECF No. 34]. The Plaintiff did not file a response, and the time to do so has passed. *See* N.D. Ind.

L.R. 7-1(d)(5) ("The court may rule on a motion summarily if an opposing party does not file a response before the deadline."). The same date, Defendant Town of Highland filed a Partial Answer [ECF No. 36] to the Plaintiff's Second Amended Complaint.

## LEGAL STANDARD

A motion to dismiss brought under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

In the instant motion, the Defendants seek dismissal of all the Plaintiff's claims with the exception of the claim of assault and battery against the Town of Highland. *See* Defs.' Mot. ¶ 8, ECF No. 26. The Court considers the arguments in turn.

### A.     Defendant Corporal Yonkman—Statute of Limitations

Defendants seek dismissal of the claims against Corporal Yonkman as barred by the statute of limitations. When determining the statute of limitations for claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations for constitutional and

personal injury claims. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In Indiana, the applicable statute of limitations period is two years. *Id.*; Ind. Code § 34-11-2-4(a). Although state law supplies the tolling rules, the accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual of § 1983 claims occurs "when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." *Id*. (internal citations and quotation marks omitted). In other words, "a personal injury claim raised under § 1983 accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Regains*, 918 F.3d at 533 (quoting *Serino v. Hensley*, 735 F.3d 888, 591 (7th Cir. 2013)). For the Plaintiff's Indiana state law claims, "the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Filip v. Block*, 879 N.E.2d 1076, 1082 (Ind. 2008) (quoting *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992)).

Here, the Plaintiff alleges that his arrest, transport, and booking occurred during the late evening to early morning of May 8 to 9, 2017. To bring a § 1983 claim or the state law claims against Corporal Yonkman, the Plaintiff was required to file his complaint against Corporal Yonkman within two years of his injury, which was May 9, 2019. However, the Plaintiff did not add Corporal Yonkman to this lawsuit until November 2019, after the statute of limitations had expired.

Federal Rule of Civil Procedure 15(c) allows an amendment to relate back to the date of the original complaint under limited circumstances. *See* Fed. R. Civ. P. 15(c)(1). When the amendment adds a defendant, the amended pleading relates back to the date of the original pleading only if the party to be added: "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would

have been brought against it, *but for a mistake* concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii) (emphasis added). The Seventh Circuit Court of Appeals has held that the identity of an unknown defendant does not fall within the mistake requirement of Rule 15(c), and, therefore, an amendment to name the previously unknown defendant does not relate back to the date of the original complaint. *See Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *see also Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012) ("[O]nce the statute of limitations period expires, [a plaintiff] cannot amend his complaint to substitute a new party in the place of 'John Doe.'"). Here, the Plaintiff did not make a mistake as to Corporal Yonkman's name. Rather, the Plaintiff did not know Corporal Yonkman's identity, naming instead an "Unknown Police Officer" in the original Complaint [ECF No. 6]. Therefore, the Plaintiff's claims against Corporal Yonkman filed in November 2019 do not relate back to the filing of the original Complaint and are barred by the statute of limitations, which expired on May 9, 2019. The Court grants the motion, dismissing the claims against Defendant Corporal Yonkman.

**B.      Defendant Highland Police Department**

The Defendants seek dismissal of the Highland Police Department as a defendant because it is not a suable entity under Indiana law. "The 'department' of [an Indiana] city is merely a vehicle through which government fulfills its policy functions and is not a governmental entity unto itself." *City of Peru v. Lewis*, 950 N.E.2d 1, 4 (Ind. Ct. App. 2011) (citing *Slay v. Marion Cty. Sheriff's Dep't*, 603 N.E.2d 877, 887 (Ind. Ct. App. 1997)). A non-existent entity, such as a city department, cannot be sued. *Id*. Because the Highland Police Department is a department of the Town of Highland and not a distinct governmental entity under Indiana law, it is an improper defendant. The Court grants the motion and dismisses all claims against Defendant Highland Police Department.

C. **Town of Highland—*Monell* Liability under § 1983**

The Defendants argue that the Second Amended Complaint fails to a claim for municipal liability under § 1983, and the Plaintiff offers no response in support of this claim.[1] To state a claim under § 1983, "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A municipality can only be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). To state a claim of municipality liability under § 1983, a plaintiff must plead factual content that allows the court to draw the reasonable inference that "the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell*, 436 U.S. at 690; *Valentino v. Village of South Chicago Heights*, 575 F.3d 664, 674 (7th Cir. 2009)). Here, the Plaintiff appears to be proceeding under the second option.

In the motion, the Defendants argue that the allegations of a widespread custom or policy are boilerplate and that the Plaintiff has not alleged any facts other than his own single incident. In order to succeed on a de facto custom theory, "the plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents." *Gill v.*

---

[1] The Second Amended Complaint brings the *Monell* claim against the Highland Police Department only. Because the Highland Police Department is not a suable entity, the Court considers whether the Plaintiff has stated a claim for municipal liability against the Town of Highland. Also, to the extent that the Plaintiff has sued Chief Hojnicki in his official capacity, *see* Second Am. Compl. ¶¶ 29, 31, such a claim is "to be treated as a suit against the entity" in all but name, and the claims are really against the Town of Highland. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

*City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (citing *Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir. 1995)); *see also Thomas*, 604 F.3d at 303–04. Thus, at the pleading stage, to allege a widespread policy or custom such that it constitutes a de facto policy with the force of law for *Monell* purposes, a plaintiff "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom" and that the occurrence was not an isolated incident. *Gill*, 850 F.3d at 344 (citing *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011)).

In *Gill*, the Seventh Circuit Court of Appeals found that the plaintiff had failed to state a claim of a widespread practice because he did not provide examples of other similar violations nor plausibly allege that they existed. *See Gill*, 850 F.3d at 344. The court held that, "[t]he specific actions of the detectives in Gill's case alone, without more, cannot sustain a *Monell* claim based on the theory of a *de facto* policy." *Id.* (citing *Palmer v. Marion County*, 327 F.3d 588, 596 (7th Cir. 2003)). In contrast, in *White v. City of Chicago*, the Court of Appeals found that the plaintiff's allegations related to his individual incident were sufficient to state a claim of *Monell* liability for an allegedly unconstitutional policy related to search warrant applications. 829 F.3d 837, 840–41, 843–44 (7th Cir. 2016). However, in *White*, the plaintiff had also offered the police department's "standard printed form that does not require specific factual support for an application for an arrest warrant." *Id.* at 844. Thus, the plaintiff was not required to identify "even one other individual" who had been subjected to the same policy because the allegations of his personal incident together with the form were sufficient to allege municipal liability. *Id.*

Here, like in *Gill*, the Plaintiff's factual allegations are insufficient to support an inference that the alleged constitutional violations by Corporal Yonkman were caused by a de facto policy or custom under *Monell*. The Plaintiff brings the § 1983 claim against the Highland Police Department generally for "its delegated deliberately indifferent unconstitutional decisions,

8

policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries." Compl. ¶ 10. The Plaintiff also alleges that Corporal Yonkman and the Highland Police Department were acting pursuant to such policies, practices, customs, and usages. *Id.* ¶ 23. However, the Plaintiff has not alleged any facts in support of these alleged policies other than his own arrest and transport on May 8 and 9, 2017, and has not provided any factual detail regarding any alleged widespread policies and/or customs beyond formulaic conclusions. Because he did not file a response brief, the Plaintiff has offered no argument or law in support of his *Monell* claim and has not identified other evidence, such as the standard form offered in *White*, that would support an inference of a widespread practice. As alleged, there are no facts that make it plausible that this was not an isolated event or that others may have suffered the same harm as Plaintiff.

The Second Amended Complaint also alleges that the Highland Police Department systematically failed to train and supervise its officers in the proper use of force. *Id.* ¶ 30. In limited circumstances, a municipality's failure to train its officers based on a single incident can rise to the level of a government policy and impose *Monell* liability when the constitutional violation is a "highly predictable consequence" of the failure to train. *Connick v. Thompson*, 563 U.S. 51, 63–64 (2011) (quoting *Board of Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 409 (1997); citing *City of Canton v. Harris*, 489 U.S. 378, 390 n.10 (1989)); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 929 (7th Cir. 2004) (quoting *Bryan Cty.*, 520 U.S. at 409). However, the Plaintiff has not filed a response brief in support of the claim and, thus, has not advanced this theory. *See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." (quoting *Stransky v. Cummins Engine Co., Inc.*,

9

51 F.3d 1329, 1335 (7th Cir. 1995) ("The federal courts will not invent legal arguments for litigants.")); *Doe v. Grosch*, 17 C 1214, 2017 WL 3970515, at *3 (N.D. Ill. Sept. 8, 2017) (finding that the plaintiffs had forfeited any "single-incident" argument under *Connick* by failing to raise it in their opposition brief).

Therefore, the Court grants the motion to dismiss as to the *Monell* claim and dismisses the § 1983 claim against the Town of Highland.

### D.    Section 1983 Claim Against Chief Peter Hojnicki Individually

The Defendants seek dismissal of any Fourth Amendment excessive force claim against Chief Hojnicki in his individual capacity. Individual liability under § 1983 requires that the individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (citing *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)). And, a supervisor must be personally involved in the constitutional violation to be liable based on a theory of supervisory liability. *Gill*, 850 F.3d at 344 (citing *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012)). Thus, "the supervisor 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see.'" *Id.* (citing *Matthews*, 675 F.3d at 708). Here, the Plaintiff has not alleged any facts showing that Chief Hojnicki was personally involved in or had knowledge of the alleged constitutional violation on May 8 and 9, 2017. The only factual allegations against Chief Hojnicki are generally that he provided certain officer training. *See* Second Am. Compl. ¶¶ 29, 31. Because the Plaintiff does not allege that Chief Hojnicki knew of or was personally involved in the alleged use of force, he fails to state a claim against Chief Hojnicki individually. The Court grants the motion and dismisses the § 1983 claims against Chief Hojnicki in his individual capacity.

**E.     Individual Officer Immunity under the Indiana Tort Claims Act**

In Counts II and III, the Plaintiff alleges state law claims of assault and battery and reckless disregard for his medical needs, respectively. To the extent these claims are brought against Chief Hojnicki and Corporal Yonkman in their individual capacities, the Defendants move to dismiss the claims based on Indiana Tort Claims Act (ITCA) immunity.[2]

The ITCA provides, in relevant part, that "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b). Thus, "[u]nder the [ITCA], there is no remedy against the individual employee so long as he was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *see Bushong v. Williamson*, 790 N.E.2d 467, 472–73 (Ind. 2003) (explaining that, where a plaintiff alleges that an employee acted within the scope of employment, § 34-13-3-5(b) "provides an immediate and early indication that the employee is not personally liable," even if the action is criminal). "To be within the scope of employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized." *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000) (citing Restatement (Second) Agency § 229 (1958)). Even tortious, malicious, or criminal acts may fall within the scope of employment. *See Burton v. Benner*, 140 N.E.3d 848,

---

[2] The immunity provided by the ITCA is an affirmative defense that a complaint normally need not anticipate in order to survive a motion to dismiss. *See Moore v. Corizon Health Inc.*, No. 1:17-cv-987, 2018 WL 1522658, at *8 (S.D. Ind. Mar. 28, 2018) (citing *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). However, there is an exception when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense" such that dismissal is appropriate. *Id.* (quoting *Lewis*, 411 F.3d at 842).

11

853 (Ind. 2020); *Bushong*, 790 N.E.2d at 472–73; *Ball v. Jones*, 52 N.E.3d 813, 820 (Ind. Ct. App. 2016) (citing *Kemezy v. Peters*, 622 N.E.2d 1296, 1298 (Ind. 1993)).

In the Second Amended Complaint, the Plaintiff alleges that Officer Yonkman's actions were taken under color of law, that Officer Yonkman was an employee of the Town of Highland, that Chief Hojnicki and Corporal Yonkman were both officers with the Highland Police Department, and that Officer Yonkman was acting pursuant to the policies, guidelines, customs, and usages of the Highland Police Department. Compl. ¶¶ 4, 5, 9, 23, 32. The Plaintiff alleges that Corporal Yonkman placed him in handcuffs and arrested, transported, and booked him. *Id.* ¶¶ 15–18. These factual allegations are consistent with the duties of law enforcement officers. *See Foster v. Land*, No. 2:16-cv-45, 2016 WL 3971699, at *6 (N.D. Ind. July 25, 2016) (noting that "pulling over a motorist, checking records, making an arrest, and transporting a suspect to jail . . . are with the general scope of a police officer's duties and are performed in furtherance of the police department's business" (citing *Reiner v. Dandurand*, 33 F. Supp. 3d 1018, 1032 (N.D. Ind. 2014))). The Plaintiff did not file a response brief and has not contested that he is alleging that the officers were acting within the scope of employment. Accordingly, Chief Hojnicki and Corporal Yonkman are immune from suit on the Indiana state law claims against them. The Court grants the motion and dismisses Counts II and III brought against Chief Hojnicki and Corporal Yonkman personally.

F.  **Count III—Reckless Disregard of the Plaintiff's Medical Needs**

The Defendants seek dismissal of the claim in Count III alleging reckless disregard of the Plaintiff's medical needs. The Defendants argue that the Town of Highland is entitled to common law tort immunity from any liability in providing services related to crime and fire prevention, citing *City of Hammond v. Cipich*, 788 N.E.2d 1273, 1282 (Ind. Ct. App. 2003). The Defendants assert that they were furnishing police protection services when they were

12

summoned and dispatched to the residence of the Plaintiff's former significant other. Thus, they reason that the Defendants' alleged disregard for the Plaintiff's medical needs was done while providing police protection services.

In *Cipich*, emergency medical technicians and firefighters of the Hammond Fire Department attempted to rescue the plaintiff from his car, which he had driven into the cold waters of Lake Michigan in the Hammond Marina. 788 N.E.2d at 1276. Although the plaintiff was eventually extracted from his vehicle and resuscitated, he sustained serious brain damage from prolonged oxygen deprivation and will remain in a vegetative state for the remainder of his life. *Id*. at 1277. The plaintiff sued under § 1983 and state negligence law. *Id.* The court recognized that "all governmental units [are] bound . . . by the common law duty to use ordinary and reasonable care under the circumstances, *except* for such claims as failure to prevent crime, appointment of an incompetent official, or an incorrect judicial decision." *Id.* at 1282 (emphasis added) (quoting *Benton v. City of Oakland City*, 721 N.E.2d 224, 230 (Ind. 1999)). The court recognized that the immunity extends to tort liability arising from the failure to provide fire protection. *Id.* at 1282–83 (citing *Gates v. Town of Chandler Water Dep't*, 725 N.E.2d 117, 119 (Ind. Ct. App. 2000)). The court then found that "[a] municipality's provision of emergency rescue services is clearly like the provision of police and fire protection" such that the failure to provide adequate rescue services should be immunized from tort liability. *Id.* at 1283.

Here, there are no allegations in the Second Amended Complaint that the police officers were providing police protection, fire protection, or emergency rescue services. There are no allegations regarding why the police officers were present at the home of the Plaintiff's former significant other, let alone that the police had been called to provide protection services. The Second Amended Complaint alleges only that the officers "came to the residence of Plaintiff's former significant other and minor daughter." Compl. ¶ 12. The Defendants have not cited any

13

authority applying this immunity to the failure to address the medical needs of a person who has been arrested, transported, and booked by police officers. Thus, on the allegations of the Second Amended Complaint, this common law immunity is inapplicable. The Court denies the motion to dismiss Count III against Defendant Town of Highland.

### G.     Other Constitutional Claims

The Defendants seek dismissal for failure to state a claim of the Plaintiff's § 1983 claims brought under the Sixth, Fifth, and Eighth Amendments to the United States Constitution, the Indiana Constitution, and Indiana tort law. The Plaintiff offers no response in support of any of these claims.

The Sixth Amendment, by its plain language, applies to criminal prosecutions. *See* U.S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."). "[A] person's Sixth and Fourteenth Amendment right to counsel attaches at or after the time that adversary judicial proceedings have been initiated against him . . . — whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 688–99 (1972). The Plaintiff does not allege that any criminal charges were filed against him in connection with the allegations in this case or that the Defendants took any action against him after criminal proceedings were initiated. Therefore, the Plaintiff fails to state a claim for a violation of his Sixth Amendment rights.

Paragraph 33(C) of the Second Amended Complaint invokes "[t]he right of the Plaintiff not [to] be deprived of life, liberty or property without due process of law, and the right to equal protection of the laws, secured by the Fifth and Fourteenth Amendments to the Constitution of the United States." Second Am. Compl. ¶ 33(C). The Fifth Amendment, made applicable to the States by the Fourteenth Amendment, provides, in relevant part, that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. Amend. V.

The Plaintiff has not alleged any facts suggesting that he was deprived of a protectable property or liberty interest other than the excessive force during his arrest, which implicates the Fourth Amendment. *See Turner v. City of Champaign*, No. 19-3446, 2020 WL 6437305, at *3, — F.3d —, — (7th Cir. Nov. 3, 2020) ("A claim for excessive force under § 1983 invokes the Fourth Amendment's protection against unreasonable seizures."). To state a claim under the Equal Protection Clause based on membership in a protected class, a plaintiff must allege that he is part of a protected class, he is otherwise similarly situated to members of the unprotected class, and he was intentionally treated differently than members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). To state a claim for a "class of one" equal protection violation, a plaintiff must show that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted). Here, the Plaintiff has not alleged that he was subject to unequal treatment, nor can unequal treatment be inferred from the allegations of the Second Amended Complaint. Again, the Plaintiff has not provided any response in support of this claim. The Plaintiff fails to state a claim for a violation of his Fifth and Fourteenth Amendment rights.

"The Eighth Amendment right to be free from cruel and unusual punishment is applicable only to those criminals who are serving a sentence." *Anderson v. Gutschenritter*, 836 F.2d 346, 348 (7th Cir. 1988). The Plaintiff does not present any allegations that he was a convicted prisoner serving a sentence. Therefore, the Plaintiff fails to state a claim for a violation of his Eighth Amendment rights.

Finally, the Plaintiff invokes § 1983 to bring a claim under Article 1 Sections 15 and 16 of the Indiana Constitution and Indiana state law. Section 1983 is a method for vindicating violations of the United States Constitution and federal statutes, not state laws. *See Scott v.*

*Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws . . . ."). Thus, the Plaintiff fails to state a claim under § 1983 for a violation of the Indiana Constitution or Indiana state law.

Accordingly, the Court grants the motion and dismisses without prejudice for failure to state a claim the § 1983 claims brought under the Sixth, Fifth, and Eighth Amendments to the United States Constitution; Article 1, Sections 15 and 16 of the Indiana Constitution; and Indiana state law. To the extent the Plaintiff intends to bring separate state law claims under Article I Sections 15 and 16 of the Indiana Constitution, the state court will have an opportunity to address any such claims on remand. *But see Cantrell v. Morris*, 849 N.E.2d 488, 499–500 (Ind. 2006) ("There is no explicit language in the Indiana Constitution providing any specific remedy for violations of constitutional rights.").

**H.    Remaining State Law Claims**

The only remaining claims in this lawsuit are the state law claims against the Town of Highland over which the Court has supplemental jurisdiction under 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). A court has discretion in deciding whether to relinquish jurisdiction pursuant to § 1367(c)(3). *See Zappa v. Gonzalez*, 819 F.3d 1002, 1006 (7th Cir. 2016). "[T]he principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) (citing *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)). When deciding whether to retain jurisdiction, courts should consider judicial economy, convenience, fairness, and comity. *See Groce*, 193 F.3d at 501 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). This Court has not engaged in any meaningful review of the

merits of the state law claims and has not otherwise committed substantial judicial resources to them. The resources spent by the parties in discovery can be applied to the litigation in state court. The Court finds that declining to exercise jurisdiction over the remaining state law claims is proper and remands the Plaintiff's state law claims against Defendant Town of Highland.

## CONCLUSION

Based upon the foregoing, the Court GRANTS in part and DENIES in part the Defendants, Town of Highland, Highland Police Department, CPL. Michael Yonkman, and Chief Peter Hojnicki's Partial Motion to Dismiss [ECF No. 34].

The Court DISMISSES the claims against Corporal Yonkman and the Highland Police Department with prejudice, the claims against Chief Hojnicki without prejudice, and Count I (§ 1983 *Monell* liability) against the Town of Highland without prejudice.

The Court RELINQUISHES jurisdiction over the remaining state law claims against the Town of Highland and REMANDS the case to the Lake County, Indiana, Superior Court for all further proceedings.

SO ORDERED on November 13, 2020.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT